IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 8:02CR46 |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| DARRYL L. WINBORN, ) | MEMORANDUM AND ORDER |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's "Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (§ 2255 Motion)" (Filing No. 56), and "Motion to Amend His Pending 28 U.S.C. § 2255 Motion" (Motion to Amend) (Filing No. 60).

**FACTUAL BACKGROUND**

The defendant entered a plea of guilty to Count I of the indictment charging him with conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1). (Filing No. 29). The court sentenced defendant to 188 months in the custody of the Bureau of Prisons, followed by five years of supervised release. (Filing No. 40). On direct appeal from the defendant's conviction, he argued that the district court erred by denying his motion to suppress evidence and apply a two-point minor role adjustment to defendant's sentence. The Eighth Circuit Court of Appeals affirmed this court's rulings. (Filing No. 53).

Defendant filed his § 2255 Motion on November 21, 2003. Upon initial review of his motion, the court ordered the government to file an answer to defendant's claims. (Filing

No. 59).[1]  In his § 2255 Motion, defendant makes the following claims:

(1) Ineffective assistance of counsel based on counsel's failure to bring a motion challenging his indictment.  Specifically, defendant claims that because he was the only person arrested, the government failed to prove the elements of a conspiracy.

(2) He was entitled to a two-point adjustment because he was a minor participant in the offense.

(3) Ineffective assistance of counsel based on counsel's failure to bring a motion to suppress evidence obtained in violation of the Fourth Amendment.

(4) Ineffective assistance of counsel based on appellate counsel's failure to file a petition for rehearing in the Eighth Circuit Court of Appeals.

On May 27, 2005 defendant filed a Motion to Amend his § 2255 petition to add a purported claim pursuant to United States v. Booker, 125 S. Ct. 738 (2005).

## ANALYSIS

In response to defendant's second and third claims, the Eighth Circuit already decided adversely to defendant on these issues and this court will not reconsider these matters.  (Filing No. 53).  Claims which were raised and decided on direct appeal cannot be relitigated in a motion to vacate pursuant to § 2255.  See, e.g. Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003); United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001).

**Ineffective Assistance of Counsel**

The court will address defendant's remaining ineffective assistance of counsel claims.

---

[1] On October 20, 2005 the government filed a "Motion to File Plaintiff's Answer and Supporting Brief Out of Time" (Filing No. 61).  This motion is granted.

2

The Sixth Amendment to the United States Constitution guarantees that an accused shall have "the assistance of counsel for his defense." U.S. Const. amend. VI.

Ineffective assistance of counsel claims are analyzed under the framework described in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Under this framework, Winborn has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by a showing that his attorney's performance fell "below the minimum standards of professional competence" and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." <u>Alaniz v. United States</u>, 351 F.3d 365, 367 (8th Cir. 2003) (citing <u>Strickland</u>, 466 U.S. at 690). Moreover, Winborn must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689.

Here, defendant has failed to meet his burden and establish that he received ineffective assistance of counsel based on counsel's failure to challenge his indictment. The record shows that at the time of defendant's arrest he made numerous voluntary statements concerning the existence of conspirators. Defendant explained to the officers that he was to transport cocaine to New York and was told to wait at a hotel. He acknowledged that on prior occasions he had transported drugs to New York and was paid around $3,000.00. And, in fact, defendant even agreed to cooperate with authorities in a controlled buy. Furthermore, the law does not require that coconspirators be indicted. In defendant's plea agreement he knowingly and willingly agreed that he committed the offense of conspiracy. (Filing No. 29). Defense counsel is not required to make an argument that, based on defendant's own statements and actions, clearly has no merit.

3

Therefore, it appears from the record that defendant is not entitled to relief with respect to his first claim of ineffective assistance of counsel.  The claim is denied.

Next, defendant claims that he received ineffective assistance of counsel based upon counsel's failure to file a petition for a rehearing of the Eighth Circuit's order.  Such a claim does not present an appropriate basis for relief under 28 U.S.C. § 2255.  McNeal v. United States, 54 F.3d 776, 1995 WL 290233 (6th Cir.1995) (table case) (since there is no constitutional right to counsel in seeking rehearing en banc, the defendant's constitutional rights cannot be violated by allegedly defective performance of his attorney).  Therefore, defendant is not entitled to relief with respect to his second claim of ineffective assistance of counsel.  The claim is denied.

**Motion to Amend**

In response to defendant's Motion to Amend, the Booker decision was issued on January 26, 2005 and the "new rule" announced in Booker does not apply to criminal convictions that became final before the rule was announced, and, thus, does not benefit movant in collateral proceedings.  Never Misses a Shot v. United States, No. 05-1233, slip. op. at 4 (8th Cir. July 7, 2005).

IT IS ORDERED:

1. Plaintiff's "Motion to File Plaintiff's Answer and Supporting Brief Out of Time" (Filing No. 61) is granted;

2. Defendant's "Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 56) is denied;

3. Defendant's "Motion to Amend His Pending 28 U.S.C. § 2255 Motion" (Filing

4

No. 60) is denied;

    4.    A separate Judgment will be issued; and

    5.    The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 7th day of November, 2005.

                BY THE COURT:

                s/ Joseph F. Bataillon
                JOSEPH F. BATAILLON
                United States District Judge